# KLINGEMAN TURANO LLC
―――――ATTORNEYS AT LAW―――――

HENRY E. KLINGEMAN*†
STEPHEN TURANO°
Of Counsel
KARIN S. RIECKER°
NANCY M. KLINGEMAN

*Admitted, NJ, PA & HI
†Certified by the Supreme Court of
  New Jersey as a Criminal Trial Attorney
°Admitted, NJ & NY

230 MAIN STREET
SECOND FLOOR
MADISON, NEW JERSEY 07940
TEL: (973) 236-0010
FAX: (973) 236-0012
www.ktlawyers.com

**Document Electronically Filed**

December 20, 2004

Writer's Direct Line:
(973) 236-0114

Writer's E-Mail Address:
hek@ktlawyers.com

Honorable Katharine S. Hayden
United States District Court
United States Post Office & Courthouse
Federal Square
Newark, NJ 07101

    Re:    United States v. Hemant Lakhani
                Crim. No. 03-880 (KSH)

Dear Judge Hayden:

Please accept this letter in lieu of a more formal brief addressing the Government's December 2, 2004 in limine motions. The Court has scheduled a hearing on the motions for this Wednesday, December 22, 2004, at 11:30 a.m.

## Background

The Government's motions are focused on two prospective trial witnesses: MR and Charles Lee.

MR is the Government's paid informant whose many conversations with defendant Hemant Lakhani on the telephone and in person form the most critical evidence in the Government's case. MR, a Pakistani, was an informant for the Drug Enforcement Administration ("DEA") during the 1990s in that country. MR came to the United States in the mid-1990s and continued to act as a Government informant, first for the DEA and subsequently for the Federal Bureau of Investigation ("FBI").

The Government has yet to disclose its Giglio material about MR, but the defense investigation to date indicates that MR has substantial credibility problems. For example, MR has moved around the United States, from the East Coast through the Midwest, since arriving here to live. While the Government is likely to explain his frequent moving by pointing to operational and security necessities, MR has left a trial of broken financial commitments in his wake. The defense will contend that these financial breaches

Honorable Katharine S. Hayden
United States District Court
December 20, 2004
Page 2 of 4

manifest MR's deceitful character and are, therefore, highly probative of his credibility under Fed. R. Evid. 608(b) and otherwise.

Charles Lee is a retired Special Agent from the DEA. He served this country effectively and honorably in Pakistan and in the United States. Like the federal agents in this case, Lee made use of informants as a critical tool in undercover investigation. One of Lee's informants in Pakistan and the United States was MR.

After MR moved the United States and Lee retired from DEA, the men formed a business partnership to distribute wholesale basmati rice imported from Pakistan in the United States. The name of the company they formed was (and is) Halee International, Inc., an amalgam of their last names. Lee also vouched for MR when the FBI recruited MR as an informant in 1999. Lee ended his association with MR when he learned that MR had defrauded two customers by selling each of them the same shipment of rice. Lee also found out about other misconduct committed by MR during his permanent residence in the United States. Prior to September 11, 2001 (and thus prior to the initiation of the investigation of defendant Lakhani), Lee wrote a nine-page letter describing his and others' experiences with MR and delivered it personally to FBI Special Agent Cindy Whitesides of the Minneapolis Field Office. (A copy of Lee's letter is enclosed. The defense requests that the Court accept Lee's letter for review in camera. While the Government has the letter, general distribution of the letter at this time might jeopardize the parties' right to a fair trial.)

## Point 1
### The Cooperating Witness

The Government is asking the Court to preclude cross examination of Government witness MR with respect to alleged personal misconduct:

(1)   Failure to pay two months' rent in Kansas in 1998

(2)   Passing a bad check in Kansas in 1999

(3)   Civil business disputes

The Government is also asking the Court to preclude testimony by potential defense witness Charles Lee about MR's personal misconduct:

(1)   MR (when acting as Lee's business partner) sold the same quantity of wholesale rice to two different buyers

(2)   MR set up another non-terrorist, non-criminal in a sting operation mirroring the Lakhani case

Honorable Katharine S. Hayden
United States District Court
December 20, 2004
Page 3 of 4

    (3)    [redacted at the Government's request; to be addressed at sidebar]

The Government's applications to limit the cross examination of MR and limit the direct testimony of Charles Lee are premature. Mr. Lakhani, through counsel, will raise these allegations neither in opening statement nor until such time as the Court addresses them. In the meantime, the Government's application is not ripe for the following reasons:

1. The Government will not be producing its Jencks and <u>Giglio</u> material until Tuesday, December 28, 2004. Consequently, Mr. Lakhani will not be in a position until then to assess MR's projected testimony, weigh his overall credibility, or evaluate the impeachment material potentially available.

2. The trial has not begun and the Government has not presented any evidence. Without knowing how the Government's case will proceed (at least at the outset of the trial), Mr. Lakhani cannot measure the significance of MR's testimony or the relevance of the impeachment evidence that is the subject of the Government's motion. Further, Mr. Lakhani cannot yet assess the need to call Mr. Lee to testify relevant to MR's credibility and character.

3. The defense investigation is continuing. While the defense has gathered materials relating to the episodes raised in the Government's motion, the investigation is incomplete. At this time, however, the defense would sharply disagree with the Government's innocent characterizations of MR's conduct. Suffice to say, MR has left a trail of broken financial commitments from New York to Kansas to Minnesota to Pennsylvania, all in the less than ten years he has lived in the United States. During this same period, MR has been paid hundreds of thousands of dollars by the U.S. government for his work as an informant.

4. The evidentiary rules (Fed. R. Evid. 608 & 609) governing impeachment are familiar to the Court and counsel. Delaying the substantive argument and ruling will not cause unnecessary delay or interruption. Counsel will be able to present the issues cogently at the appropriate time and, by then, the complexion of the case will be clearer to the Court. If the Court were to rule now, it is likely that the losing side would seek reconsideration later anyway.

5. The Government will not be prejudiced if it is unable to front these discrete allegations in its opening. The defense will not be mentioning them all, but will likely confine its discussion of the evidence to the Jencks and Giglio material to be disclosed shortly. (The Government has given defense counsel a general, verbal description of what the Government expects to disclose and it will be more than enough to support a meaningful defense opening.) Moreover, in the event the Court decides during trial to permit the defense to use these allegations to impeach MR directly or otherwise attack his credibility, the Government will be able to present them beforehand in direct examination of MR or other witnesses. Finally, however the Government may characterize these allegations, they are unlikely to occupy a prominent place at the trial.

Point 2
Narrowing the Indictment

The Government intends to withdraw its accusation that Mr. Lakhani sought to obtain explosives from the Russian Federal Security Service posing as weapons suppliers, as alleged in the Superseding Indictment's Count One at ¶ 16. Anytime the Government wants to limit the scope of its accusations against Mr. Lakhani, neither he nor his lawyer will object.

Thank you for your attention.

Respectfully submitted,

KLINGEMAN TURANO LLC

/s/ Henry E. Klingeman (HK 6007)
Klingeman Turano LLC
230 Main Street, 2nd Floor
Madison, NJ 07940
TEL 973-236-0114
FAX 973-236-0012
EMAIL hek@ktlawyers.com

Enclosure (for in camera inspection)

cc: AUSA Stuart J. Rabner
AUSA Brian R. Howe
Mr. Hemant Lakhani