

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700  PHONE (973)645-2700*
*Newark, NJ 07102-2535  FAX (973) 297-2007*

February 24, 2005

The Honorable Katharine S. Hayden
United States District Court
  for the District of New Jersey
U.S. Post Office and Courthouse
Federal Square
Newark, N.J.  07102

    Re:   United States v. Hemant Lakhani, Crim. No. 03-Cr-880

Dear Judge Hayden:

    Please accept this letter in lieu of a more formal brief replying to several assertions in Defendant's February 18th letter.

    First, Defendant has fundamentally misinterpreted the "positional force" theory devised in United States v. Hollingsworth, 27 F.3d 1196 (7th Cir. 1994) (*en banc*). Positional force, according to Judge Posner, does not require a showing that a defendant engaged in illegal activity prior to his contact with law enforcement, but only that defendant was in a position, by virtue of his "training or experience or occupation or acquaintances that it is likely that if the government had not induced him to commit the crime some criminal would have done so." Id. at 1200. A "positional force" jury instruction is not necessary when the government can show that defendant is so-situated prior to contact with law enforcement. This was true in the situation of the Department of Defense employee who committed espionage in United States v. Squillacote, 221 F.3d 542 (4th Cir. 2000), the city councilman who took a bribe in United States v. Reyes, 239 F.3d 722, 742-743 (5th Cir. 2001), and the hypothetical gun dealer in Hollingsworth, but not true in the situation of the orthodontist and farmer-turned-wannabe-international money launderers in Hollingsworth. Here, no positional force instruction is applicable because Defendant Lakhani, unlike the farmer or orthodontist, was an arms dealer who was already positioned to become an illegal arms dealer.

Second, contrary to the implication contained in Defendant's letter, in the ten years since Hollingsworth was decided, no circuit has adopted the positional force theory. See United States v. Ogle, 328 F.3d 182, 189 (5th Cir. 2003) (rejecting defendant's "controversial" "positional force" theory which the Fifth Circuit has "thus far, declined to recognize," noting that, even assuming the theory was legitimate, it would only apply in "the rare case," and not here because Ogle was "a sophisticated businessman" who had the "necessary financial connections and business acumen to get money laundered."); United States v. Bala, 236 F.3d 87, 94 (2d Cir. 2000) ("without commenting on the degree, if any, that [the Hollingsworth] approach materially differs from that in the Second Circuit, we hold" that it is inapplicable here because the government presented sufficient evidence that defendant, "albeit a novice money launderer, previously formed the necessary intent to participate in this crime. A jury also rationally could infer that [defendant]'s previous acquaintances adequately situated [defendant] to commit the crime."); United States v. Squillacote, 221 F.3d 542, 567 (4th Cir. 2000) (noting that the "sharply divided" Seventh Circuit is the only circuit to have accepted Hollingsworth, recognizing that Hollingsworth was expressly rejected by the Ninth Circuit, and finding Hollingsworth inapplicable to the case at hand because defendant was clearly "in the position to become an active spy even without the help of the undercover agent").

Third, contrary to Defendant's claim, the Government has never taken the position that the positional force theory only applies to completed crimes, but rather that it makes more sense, if any sense at all, to apply the theory to completed crimes. Hollingsworth involved the completed crime of money laundering. Defendants were charged with money laundering, not attempted money laundering, and they successfully completed monetary transfers on several occasions before their arrests. Hollingsworth, 27 F.3d at 1201; id. at 1209 (Coffey, J. dissenting); see also United States v. Hollingsworth, 9 F.3d 593, 595 (7th Cir. 1993), Rehearing En Banc Granted, Decision Vacated by Hollingsworth, 27 F.3d 1196 (7th Cir. 1994) (*en banc*).

The Third Circuit has never modified or expanded the five factors it commits the fact finder to consider in determining predisposition. Nor has the Third Circuit ever stated that the list of five factors in non-exclusive. Given that no other circuit has accepted Judge Posner's "sweeping change" and "novel treatment of entrapment," Hollingsworth, at 1206 n.3 (Coffey, J. dissenting); id. at 1212

(Easterbrook, J. dissenting), there is no reason to believe that the Third Circuit would do so now, especially given the facts of this case.

Fourth, Defendant misstates the Government's objection regarding the import of Defendant's first contact with law enforcement. See Def. Feb. 18 Letter at p. 3. In fact, the Government agrees with Defendant that it must prove that Defendant was predisposed before his initial contact with law enforcement. For this reason, the Government's Request to Charge stated, "The Government must prove that the Defendant was predisposed before his exposure to a Government agent." See Gov't RTC, p. 57.

Nevertheless, Defendant mistakenly conflates this overarching requirement with certain individual factors. For example, Defendant maintains that the jury's consideration of "criminal activity for profit" must focus on Defendant's criminal activity, if any, prior to defendant's contact with the government. The Government cited several cases in its February 15th letter in support of the principal that the jury should consider whether Defendant engaged in the instant offense for profit. The only case with which Defendant apparently takes issue is United States v. Giampa, 904 F. Supp. 235, 311 (D. N.J. 1995). However, Defendant quotes Giampa out of context. When placed in its proper context, Giampa offers no evidence that defendant Gaito, who was charged with gun dealing and drug distribution, had engaged in illegal gun or drug dealing prior to being charged in the instant offense. 904 F. Supp. at 311-313. In fact, Gaito moved for dismissal of the indictment, claiming "outrageous government conduct" based on the fact that he had never been involved in illegal activity before his contact with law enforcement. Id. at 269.

In any event, if the third factor, as Defendant maintains, simply evaluates whether a defendant engaged in criminal activity for profit before the instant offense, it would be duplicative of the first factor which focuses the jury on a defendant's "prior criminal record." Surely, the first and third factors were not intended to be repetitious, but rather to evaluate different considerations.

Fifth, Defendant can cite no case in which the word "zeal" or the phrase "in their zeal to enforce the law..." has ever appeared in an entrapment jury charge. Contrary to Defendant's insinuation, the word "zeal" did not appear in any jury charge in Jacobson v. United States, 503 U.S. 540, 553 (1992). Consequently, the Government will not consent to the removal of its requested instruction on the use of

3

undercover agents and informants.

Finally, with regard to Defendant's other objections to the Government's requested entrapment charge, the Government notes that Defendant appears to agree that the "economic status" factor should not be considered by the jury.

Very truly yours,
CHRISTOPHER J. CHRISTIE
United States Attorney

By: *[signature]* /STR

Sabrina G. Comizzoli
Assistant U. S. Attorney

Stuart Rabner
Assistant U. S. Attorney

Brian R. Howe
Assistant U. S. Attorney

cc: Henry E. Klingeman, Esq.