

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*                              *973/645-2700*
*Newark, NJ 07102*

2002R00515

April 26, 2005

Henry E. Klingeman, Esq.
Klingeman Turano LLC
230 Main Street, 2nd Floor
Madison, New Jersey 07940

            Re:   United States v. Hemant Lakhani
                  Crim. No. 03-880

Dear Mr. Klingeman:

        This letter sets forth an agreement on forfeiture
between your client, Hemant Lakhani, and the United States
Attorney for the District of New Jersey ("this Office").  This
letter sets forth the full and complete agreement between the
parties on this subject.

Charges

        Superseding Indictment No. 03-880 alleges five counts
and three forfeiture allegations.  Count 1 alleges a violation of
Title 18, United States Code, Sections 2339A and 2 (attempt to
provide material support to terrorists).  Count 2 alleges a
violation of Title 22, United States Code, Section 2778(b), and
Title 18, United States Code, Section 2 (brokering).  Counts 3
and 4 allege violations of Title 18, United States Code, Sections
1956 and 2 (money laundering).  Count 5 alleges a violation of
Title 18, United States Code, Sections 542 and 2 (attempting to
import merchandise by means of a false statement).

        The First Forfeiture Allegation alleges forfeiture
pursuant to Title 28, United States Code, Section 2461(c) and
Title 18, United States Code, Section 981(a)(1)(G).  The Second
Forfeiture Allegation alleges forfeiture pursuant to Title 18,
United States Code, Section 982.  The Third Forfeiture Allegation
alleges forfeiture pursuant to Title 28, United States Code,
Section 2461(c) and Title 18, United States Code, Section
981(a)(1)(C).

<u>Forfeiture</u>

In order to resolve the forfeiture allegations, the parties agree as follows:

(1) If the jury convicts Hemant Lakhani on Count 1, Mr. Lakhani agrees to the entry of an order of forfeiture by the Court, in the amount of $86,500, on the First Forfeiture Allegation.

(2) If the jury convicts Hemant Lakhani on Count 3, Mr. Lakhani agrees to the entry of an order of forfeiture by the Court, in the amount of $30,000, on the Second Forfeiture Allegation.

(3) If the jury convicts Hemant Lakhani on Count 4, Mr. Lakhani agrees to the entry of an order of forfeiture by the Court, in the amount of $56,500, on the Second Forfeiture Allegation.

(4) If the jury convicts Hemant Lakhani on either Count 2 or Count 5, Mr. Lakhani agrees to the entry of an order of forfeiture by the Court, in the amount of $86,500, on the Third Forfeiture Allegation.

Mr. Lakhani reserves the right to file an appeal, collateral attack, or other post-sentencing motion or writ, challenging the verdict in this case. This Office reserves the right to file, oppose, or take any position in any appeal, collateral attack, or post-sentencing motion or writ. Similarly, both parties reserve the right to take any position with respect to the appropriate sentence to be imposed on Mr. Lakhani by the sentencing judge.

If the jury's verdict is overturned, in full or in part, the following provisions apply:

(5) In the event the jury's verdict as to Count 1 is overturned, the order of forfeiture entered as to the First Forfeiture Allegation will be null and void.

(6) In the event the jury's verdict as to Count 3 is overturned, the order of forfeiture in the amount of $30,000 entered as to the Second Forfeiture Allegation will be null and void.

(7) In the event the jury's verdict as to Count 4 is overturned, the order of forfeiture in the amount of $56,500 entered as to the Second Forfeiture Allegation will be null and void.

(8)   In the event the jury's verdict as to <u>both</u> Counts 2 and 5 is overturned, the order of forfeiture entered as to the Third Forfeiture Allegation will be null and void.  Should only one of these counts be overturned, the order of forfeiture will remain in effect.

In the event Mr. Lakhani is convicted and files an appeal, the government agrees to refrain from enforcing any order of forfeiture entered under this agreement while the appeal is pending.

<u>No Other Promises</u>

This agreement constitutes the agreement on forfeiture issues between Hemant Lakhani and this Office and supersedes any previous forfeiture agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By:   BRIAN HOWE
Assistant U.S. Attorney

APPROVED:

STUART RABNER
Chief, Criminal Division

I have received this letter from my attorney, Henry E. Klingeman, Esq., I have read it, and I understand it fully.  I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the agreement on forfeiture between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

HEMANT LAKHANI

Date: 4/27/05

HENRY E. KLINGEMAN, Esq.

Date: 4/27/05

- 3 -