

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| *970 Broad Street, Suite 700* | *973/645-2700* |
| *Newark, NJ 07102* | |

December 19, 2011

**BY ECF**
Hon. Katharine S. Hayden
United States District Judge
United States Post Office & Courthouse
Federal Square
Newark, New Jersey 07102

> Re:   United States v. Hemant Lakhani
>        Crim. No. 03-880 (KSH)

Dear Judge Hayden:

        Please accept this letter brief in lieu of a more formal submission in opposition to defendant Hemant Lakhani's pro se Motion for Disclosure filed on or about September 20, 2010.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

        On or about September 28, 2004, a federal grand jury sitting in Newark returned a five-count Superseding Indictment against defendant Hemant Lakhani (hereinafter "Lakhani") charging him with Attempting to Provide Material Support to Terrorists, in violation of 18 U.S.C. § 2339A (Count One), Unlawful Brokering with Respect to the Import and Transfer of Foreign Defense Articles, in violation of 22 U.S.C. § 2778(b)(1) and (c) (Count Two), Money Laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) (Counts Three and Four), and Attempting to Import Merchandise Into the United States by Means of False Statements, in violation of 18 U.S.C. § 542 (Count Five).  The Superseding Indictment also contains three forfeiture allegations.

---

        [1]The undersigned Assistant U.S. Attorney substituted as counsel of record for the United States on or about October 28, 2011, and obtained an extension to respond to defendant's Motion for Disclosure, on or about December 5, 2011.  The United States' deadline for responding to defendant's motion is today, December 19, 2011.

The charges in the Superseding Indictment relate to Lakhani's attempt to sell shoulder-fired surface-to-air missiles to an individual he believed to represent a terrorist group intent on using the missiles to shoot down American commercial aircraft.  On or about April 27, 2005, following almost four months of trial, a jury found Lakhani guilty on all five counts of the Superseding Indictment.  On or about September 12, 2005, the Court sentenced Lakahni to a total of forty-seven years in prison.  Lakhani appealed his conviction to the Third Circuit, which affirmed his conviction in a precedential opinion filed on or about June 18, 2008 [Docket Entry 103-1].

Following the denial of his appeal, and at least as early in or about December 2008 and continuing through in or about October 2011, Lakahni sent numerous letters addressed to – among others – the Clerk of the United States District Court for the District of New Jersey (the "Clerk's Office"), Your Honor, and Your Honor's court reporter, requesting – among other things – transcripts of various proceedings and copies of certain Court orders.

In addition, on or about September 20, 2010, Lakhani filed the instant Motion for Disclosure, requesting copies of the following:

- "[D]isbursement details" related to (1) CJA funds expended on expert translation services, including Hindi-English and Russian-English translations; and (2) expenses related to travel by Henry Klingeman, Esq. – defendant's trial and appellate counsel – to London on or about November 9, 2004, in connection with Lakhani's case;[2]

- The Government's *Giglio* disclosure letter dated on or about December 28, 2004;

- A letter from former Assistant U.S. Attorney Stuart Rabner to former Assistant U.S. Attorney Brian Howe, addressed to Mr. Klingeman, purportedly quoting an FBI internal memo dated on

---

[2]Lakhani's Motion for Disclosure is handwritten and certain portions of the Motion are difficult to read, including the date of travel referenced here.  The Government has made its best efforts to decipher Lakhani's handwriting.

or about July 25, 200___³; and

- "Minute Entries" for Docket Entry 25, which is an Order to Continue entered by the Court which also provides that the alias "Hemad Lakhani" is to be stricken from the caption of the case.⁴

<u>LEGAL ARGUMENT</u>

I.    <u>Lakhani's Motion for Disclosure Should be Denied as Moot</u>.

        The Government respectfully submits that Lakhani's pro se Motion for Disclosure should be denied as moot because his case is currently closed and there is no live controversy at issue.  <u>See</u> <u>Bell v. United States</u>, 201 Fed. Appx. 663, 664 (11th Cir. 2006) (denying as moot a prisoner's discovery motion, which was filed after the district court had denied his Section 2255 motion and which remained pending after the district court's intervening decision to deny his motion for reconsideration). Lakhani has lost his appeal, and there are no pending motions challenging the defendant's conviction.  Accordingly, defendant's Motion for Disclosure should be denied as moot.

II.   <u>Lakhani Should be Instructed That Any Future Filings Should Be Made Through His Defense Counsel</u>.

        The Government also respectfully requests that the Court instruct Lakhani that any future filings should be made through defense counsel.  The Third Circuit has made it clear that there is no constitutional right to hybrid representation, i.e., a defendant simultaneously proceeding pro se and by counsel.  <u>United States v. D'Amario</u>, 328 Fed. Appx. 763 (3d Cir. 2009) (citing <u>McKaskle v. Wiggins</u>, 465 U.S. 168, 183, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984)).  Given that there is no constitutional right to hybrid representation, a district court is not obligated to consider pro se motions filed while a defendant is represented by counsel.  <u>United States v. D'Amario</u>, 268 Fed. Appx. 179, 180 (3d Cir. 2008).  Allowing defendants and their attorneys to each file motions would overburden courts and

------

³The last handwritten digit of the year of this purported internal memo is cut off from the copy of Lakhani's Motion for Disclosure filed electronically.

⁴It does not appear that there was an actual hearing associated with the issuance of this order, so defendant's request for minute entries is likely moot.

likely lead to confusion.

Here, because Lakhani appears to be still represented by CJA-appointed counsel, Henry E. Klingeman, Esq. of Krovatin Klingeman LLC, any future filings by the defendant should be made through his counsel of record.[5]

<u>CONCLUSION</u>

For the foregoing reasons, the Government respectfully submits that defendant Lakhani's Motion for Disclosure should be denied as moot, and the defendant should be instructed that any future filings should be made through his counsel of record. Attached as Exhibit A to this letter brief is a proposed form of order.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney


 <u>s/ Shirley U. Emehelu</u>

By:  SHIRLEY U. EMEHELU
Assistant U.S. Attorney

Enc.

cc: Hemant Lakhani, pro se (by regular mail, w/ enc.)
    25753-050
    MCFP Springfield
    Medical Center/Federal Prisoners
    P.O. Box 4000
    Springfield, MO 65801

---

[5]The Government also notes that several of the records that defendant seeks in his motion are likely in the possession of his defense counsel.  Accordingly, it would be most appropriate for the defendant to obtain those records through his defense counsel, rather than seeking to obtain them from the Court.