UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

        *Plaintiff*,

v.

HEMANT LAKHANI,

        *Defendant*.

Crim. No. 03-880  (KSH)

**ORDER**

**Katharine S. Hayden, U.S.D.J.**

    Hemant Lakhani was convicted by jury on April 27, 2005 on five counts related to the attempted importation of shoulder-fired, surface-to-air missiles.  [D.E. 89.]  The charges included attempting to provide material support to terrorists, illegal brokering of controlled munitions, money laundering, and attempted importation by means of false statements.  [*Id.*]  His conviction was affirmed on March 16, 2007 by the United States Court of Appeals for the Third Circuit.  *U.S. v. Lakhani*, 480 F.3d 171 (2007).

    Lakhani has sent a *pro se* letter request that the Court disclose information and documents from his trial.  [D.E. 111.]  Specifically, Lakhani seeks: 1) disbursement details related to Criminal Justice Act ("CJA") funds expended on expert translation services, including Hindi-English and Russian-English translations, and expense records related to travel by Lakhani's CJA appointed trial counsel, Henry Klingeman, and his wife to London on or about November 9, 2004 in connection with the case; 2) the government's *Giglio* disclosure letter

dated on or about December 28, 2004, addressed to the Court; 3) a letter from former Assistant U.S. Attorneys Stuart Rabner and Brian Howe addressed to Mr. Klingeman, purportedly quoting an FBI internal memorandum dated on or about July 25, 2001; and 4) a transcript or minutes of a purported court proceeding related to Docket Entry 25, striking Lakhani's alias name "Hemad" from the case.  [*Id.*]

This Court is without jurisdiction to address Lakhani's letter request, which is not framed as a cognizable claim for relief and asks only that the Court send him copies of documents, which may or may not exist, related to a trial that took place over five years ago.  Lakhani's disclosure requests do not relate to any live case or controversy presently before the Court. Lakhani's criminal case has concluded; he was convicted and the conviction was affirmed on appeal.  Because Lakhani's criminal case has been closed, the requested disclosures are not discoverable; the Court does not function as the keeper of public records.

Finally, it is clear from the attachments to Lakhani's numerous letters to the Court that he is aware of and has availed himself of the procedure for requesting, at his own expense, transcripts of court proceedings.  [D.E. 138, 139.]  It should be noted, however, that not every docket entry pertains to a proceeding that took place on the record before the Court and thus there may not be a transcript available.[1]  Good cause appearing,

IT IS on this 28th day of February, 2012,

**ORDERED** that Lakhani's request for disclosures [D.E. 111] is **DENIED**.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[1] For example, Lakhani requests "minutes" of the proceeding that took place at Docket Entry 25 and has complained in his letter that despite requesting such from the Court Reporter he has not received it.  Docket Entry 25 does not refer to a court proceeding but is in fact a written order issued by Court. Therefore, no transcript or minute entry exists.

2